United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL DAVID ALVARADO GOMEZ,<br>　　　Petitioner, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-03263 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| TODD M. LYONS, *et al*,<br>　　　Respondents. | §<br>§<br>§ | |

**ORDER ON DISMISSAL**

Petitioner Angel David Alvarado Gomez filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 22, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates (i) the Immigration and Nationality Act, (ii) bond regulations, (iii) the Due Process Clause of the Fifth Amendment, and (iv) the declaratory judgment entered in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025). Id at ¶¶7, 68–84.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that each of Petitioner's arguments fails on the merits. Id at 4.

Petitioner was given opportunity to reply. See Dkt 4 at 2. He hasn't done so.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- *Herrera Estrada v Thompson*, 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in Zadvydas as to post-removal-order detention.

- *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and

*Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

o *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Holding that a claim under bond regulations fails to the extent that it relies on the interpretation of 8 USC §1225 and §1226 rejected in *Buenrostro-Mendez* because statutory language prevails over putative conflicting regulations.

The arguments presented in the petition raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Angel David Alvarado Gomez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ____May 27, 2026____ , at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge

3